IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02490-GPG

STEVIE BROWN,

      Applicant,

v.

LOU ARCHULETA,
THE ATTORNEY GENERAL OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant Stevie Brown is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") currently incarcerated at the Fremont Correctional Facility. On November 12, 2015, Mr. Brown filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Application") challenging the validity of his conviction in Fremont County District Court case number 11CR6. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On November 20, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. (*See* ECF No. 5). Respondents filed their Pre-Answer Response (ECF No. 9) on December 10, 2015. On December 30, 2015, Applicant filed a Reply (ECF No. 10).

The Court must construe the filings by Mr. Brown liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as untimely.

## I.  BACKGROUND

Mr. Brown pled guilty to enticement of a child in Fremont County District Court case number 11CR6, and the parties stipulated to a sentence of sex offender intensive supervision probation for an indeterminate term of ten years to life. (ECF No. 9-1, at 4, 15).  On May 3, 2012, the trial court imposed the agreed-upon sentence.  (*Id.,* at 14).  Mr. Brown did not appeal.

On February 21, 2013, Mr. Brown filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (ECF No. 9-1, at 14).  The trial court denied the motion on April 17, 2013.  (*Id.*).  On April 30, 2013, Mr. Brown filed a motion, which the trial court denied as a successive Rule 35(c) motion.  (*Id.,* at 13-14).  Mr. Brown did not appeal either decision.

On June 24, 2014, Mr. Brown's probation was revoked.  (ECF No. 9-1, at 11).  He was resentenced on December 4, 2014, to an indeterminate prison term of two years to life in the CDOC.  (*Id.,* at 9).  Mr. Brown did not appeal.

On January 29, 2015, Mr. Brown filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (ECF No. 9-1, at 9).   The trial court denied the motion on July 21, 2015.  (*Id.*).

On November 12, 2015, Mr. Brown filed the instant application asserting the

following five claims:

(1) "Applicant was not given the opportunity to present his case in a fair proceeding in violation of right to due process" where the prosecution fabricated or altered text messages between Applicant and the alleged victim;

(2) ineffective assistance of counsel where: (a) his first attorney failed to allow him to review discovery and failed to file a motion to dismiss based on lack of evidence; (b) his second attorney tried to build a case against him; and (c) his third attorney failed to investigate;

(3) "the prosecution suppressed the interview of applicants [sic] sister, and the true and correct record of text messages provided by T-Mobile. The suppressed evidence was favorable to the accused and material to the defense";

(4) "the prosecution submitted altered text messages (transcribed) as discovery, as well as a fictitious photograph of a female other than the alleged victim to support their evidence"; and

(5) "district judge, Julie Marshall, refused to acknowledge applicants [sic] motion to dismiss, as well as request for evidentiary hearing stating she lacked authority, which is a false assertion."

(ECF No. 1, at 5-21).

All five claims challenge Mr. Brown's original judgment of conviction.

## II. ONE-YEAR LIMITATION PERIOD

Respondents first argue that the instant action is barred by the one-year

limitation period in 28 U.S.C. § 2244(d).  The statute provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State

> action in violation of the Constitution or
> laws of the United States is removed, if
> the applicant was prevented from filing
> by such State action;
>
> (C) the date on which the constitutional
> right asserted was initially recognized by
> the Supreme Court, if the right has been
> newly recognized by the Supreme Court
> and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual
> predicate of the claim or claims
> presented could have been discovered
> through the exercise of due diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when Mr. Brown's judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1). The starting point for this determination is May 3, 2012, the date the trial court originally sentenced Mr. Brown to sex offender intensive supervision probation pursuant to his plea agreement. (*See* ECF No. 9-1, at 14). Because Mr. Brown did not file a direct appeal, his conviction did not become final until the time to appeal expired.

Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable at the time Mr. Brown was sentenced, he had forty-five days to file a notice of appeal following his sentencing on May 3, 2012. The forty-fifth day was Sunday, June 17, 2012, which means the filing deadline extended one additional day until Monday, June 18, 2012. *See* C.A.R. 26(a). Mr. Brown does not argue that his conviction became final

4

on some other date.  Therefore, the Court finds that Mr. Brown's conviction became final on June 18, 2012.

The Court further finds that the one-year limitation period began to run on June 18, 2012, because Mr. Brown does not argue that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(B) - (D). Although, Mr. Brown was resentenced to prison in December 2014, this event does not alter the date on which the one-year limitation began to run because all his claims challenge the original conviction and sentence.  As such, Mr. Brown's new sentence does not reset the limitation period under § 2244(d)(1)(D).

Mr. Brown did not initiate this action within one year after June 18, 2012. Therefore, the next question the Court must address is whether the one-year limitation period was tolled for any period of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions

> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede that the one-year limitation period was tolled during the pendency of Mr. Brown's February 21, 2013 postconviction motion and April 30, 2013 postconviction motion. As noted above, the motions were denied on April 17, 2013 and April 30, 2013, respectively, and there was no appeal. Therefore, the postconviction motions tolled the one-year limitation period from February 21, 2013 until June 18, 2013, when the time expired to file an appeal following the trial court's April 30, 2013 order denying Mr. Brown's motion as a successive Rule 35(c) motion. However, the **247 day** period from June 18, 2012, when Mr. Brown's conviction became final, until February 21, 2013, when Mr. Brown filed his first postconviction motion pursuant to Rule 35(c), count against the one-year limitation period.

Therefore, only 118 days (365 – 247 = 118) remained when the one-year limitation period began to run again on June 19, 2013.  The remaining **118 days** ran unabated until the one-year limitation period expired on October 15, 2013.  Therefore, the instant application, filed on November 12, 2015, appears to be time-barred by more than two years.

## III.  STATUTORY TOLLING

Mr. Brown first argues that tolling is appropriate because he pursued his rights diligently by filing a postconviction motion on February 21, 2013, a motion for reconsideration on April 30, 2013, and another postconviction motion on January 29, 2015.  (*See* ECF No. 10, at 2).  Mr. Brown further contends that his Rule 35(c) motions were filed within the three-year limitation period pursuant to C.R.S. § 16-5-402.  (*Id.*).

A properly filed state court postconviction motion statutorily tolls the one-year limitation period while the motion is pending.  As explained above, the one-year limitation period was statutorily tolled from February 21, 2013 until June 18, 2013, while Mr. Brown's original postconviction motions were pending.  A review of the state court docket demonstrates that Mr. Brown filed another motion for postconviction relief on January 29, 2015.  (*See* ECF No. 9-1, at 9).  However, that postconviction motion did not toll the one-year limitation period because the one-year limitation period already had expired on October 15, 2013, which was 473 days before.  *See Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period.).

Moreover, Mr. Brown's argument that he filed his state postconviction motions within the state statutorily prescribed period of three years does not overcome the one-year procedural bar limiting federal habeas relief. *See Wager v. Milyard,* 202 Fed. App'x 339, 340 (10th Cir. 2006) (holding that the one-year limitation period on seeking habeas relief does not conflict with federal constitutional protections even when the limitation is shorter than the limitation allowed in comparable state remedies). As such, Mr. Brown's claims in the Application are barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

## IV. EQUITABLE TOLLING

Mr. Brown contends that he is entitled to equitable tolling on two grounds. First, he asserts that

> [w]hile on probation, applicant was not able to access the internet, as one of the stipulations per plea agreement, therefore did not have available resources in which to research case law, or proper court proceedings; such as how to file an appeal. While in custody at Fremont County Detention Center for violation of probation, applicant was not allowed access to the law library, even after multiple requests to do so. This as well prevented the applicant from having the necessary resources to file the proper court documents.

(ECF No. 10, at 2). Mr. Brown also asserts the he should not be barred by the one-year limitation period because he "is proceeding on claim of innocence and fundamental miscarriage of justice gateway." (ECF No. 1, at 7). In his Reply, Mr. Brown argues that there is new evidence demonstrating his innocence, that the prosecutor engaged in misconduct, and that his trial counsel was ineffective. (*See* ECF No. 10, at 2-4).

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson*, 232 F.3d 7 at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.

1998).  Generally, equitable tolling is appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Gibson*, 232 F.3d at 808.  A showing of excusable neglect is not sufficient to support equitable tolling.  *Gibson*, 232 F.3d at 808.  Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently.  *Miller*, 141 F.3d at 978.  The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).  Mr. Brown bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

### A.  Lack of Access

Mr. Brown first argues that the limitations period should be equitably tolled because he was unable to research case law while on probation, and his requests for law library access were denied during his probation revocation proceedings.

A claim of insufficient access to relevant law is not enough to support equitable tolling.  *Miller,* 141 F.3d at 978; *see also Weibley v. Kaiser,* 50 Fed. App'x 399, 403 (10th Cir. 2002) (rejecting claim that prison officials withheld legal materials because applicant failed to allege specific facts demonstrating how the alleged denial of these materials impeded his ability to file a federal habeas application); *Jones v. Taylor*, 484 Fed. App'x 241, 242-43 (10th Cir. 2012) (holding that limited access to the law library, limited knowledge of the law, and limited access to relevant legal resources did not amount to extraordinary circumstances for equitable tolling).   In addition, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt

filing." *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("[E]ven assuming that such a short closing of a prison law library could be considered 'extraordinary,' Mr. Marsh has not shown how this lack of access caused his delay in filing."). The Court finds that Mr. Brown has not raised any convincing reason why he is entitled to equitable tolling based on his alleged lack of access to legal research.

## B. Actual Innocence

Mr. Brown next argues that he is entitled to equitable tolling because he is innocent and, therefore, if the Court fails to consider his claims, there will be a "fundamental miscarriage of justice." (*See* ECF No. 1, at 7; ECF No. 10, at 2-3). In support of this, he provides the following lengthy narrative regarding his innocence:

- "New evidence in the case of the petitioner would be the 'original' text message provided by T-mobile, along with the testimony of his sister, if even needed after the review of the 'original' text messages compared to the 'tainted' messages provided in discovery."

- "There is nothing within the 'original' text messages, or any other record, that would show that the applicant acted with intent to meet with, or invited anyone into any place, for the purpose of committing an unlawful act."

- "The 'original' text messages will support the following facts displaying intent of applicant:

    (1) The applicant rejected any advancements put forth my Miss Payne (alleged victim), primarily while in Penrose, where Miss Payne suggested that she use the back seat of applicants [sic] auto to be with one of her girlfriends. She then invited the applicant to join her and her friend in the back seat. Applicant had every opportunity to be with Miss Payne alone, and chose to discontinue conversations with Miss Payne.

    (2) Applicant stated in one of his text messages that he would not be able to sleep at night knowing he violated the law (with regard to being with Miss Payne in any type of relationship).

    (3) Any type of relationship that applicant establishes with anyone that he photographs is purely business and professional. The 'original' record with [sic] show that the applicant was conducting business on his trip to

Denver, and had his photographic equipment with him. This would support the fact that the applicants [sic] meeting with Miss Payne and her mother was solely for business.

(4) The 'original' record will show that Miss Payne and her mother never made it into Canon City, so it is irrelevant whether or not the applicants [sic] sister saw no one enter the hotel room.

(5) The 'original' record will show that applicant stated to Miss Payne that it would not be a good idea to meet with Miss Payne getting upset thereafter. If it was the intent of the applicant to meet with Miss Payne, as the prosecution claimed, then why would applicant choose not to meet?"

(ECF No. 10, at 2-3).

Mr. Brown further alleges that the prosecution used "coercive, or illegal tactics" and altered the "original" text messages, and that his attorney withheld evidence and "intentionally refrained from gathering all crucial evidence to help support the defense." (*Id.,* at 4).

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d).  *McQuiggin v. Perkins*, — U.S. — ,133 S. Ct. 1924 (2013).  However, "tenable actual-innocence gateway pleas are rare." *Id.* at 1928.  To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1936 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)).

The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at 1936.

In this case, Mr. Brown's innocence claim that the "original" text messages are different from the allegedly "tainted" messages provided during discovery and used at trial is speculative at best.  Moreover, Mr. Brown alleges that he "noticed the text messages were altered based upon the presentation by [his] attorney at various phases of the court proceedings."  (ECF No. 1, at 15).  Thus, Mr. Brown provides no specific details as to how any of the evidence he cites qualifies as "new" reliable evidence under the *Schlup* standard; and nothing in *Schlup* suggests that Mr. Brown is entitled to perform evidence gathering as part of a habeas action to obtain new reliable evidence so that he may proceed based on actual innocence.  The Court finds that Mr. Brown's arguments fall far short of the showing that is necessary to support a credible claim of actual innocence under *Schlup*.  Therefore, Mr. Brown's request for equitable tolling based on an actual innocence claim is rejected.

## IV. CONCLUSION

Based on the above findings, the Court will deny the Application and dismiss the action as time-barred from federal habeas review.  The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis*  in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 (ECF No. 1) is denied and the action is dismissed as barred by the one-

year limitation period set forth in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr.

Brown has not made a substantial showing that jurists of reason would find it debatable

whether the procedural ruling is correct.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __4th__ day of __February__, 2016.

BY THE COURT:

_s/Lewis T. Babcock_
LEWIS T. BABCOCK, Senior Judge
United States District Court