IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02490-LTB

STEVIE BROWN,

    Applicant,

v.

LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DENYING MOTION FOR RECONSIDERATION

Applicant, Stevie Brown, has filed *pro se* a "Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" (ECF No. 13). The Court must construe the document liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be construed liberally as a motion for reconsideration.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should

be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

Mr. Brown's motion to reconsider was docketed on March 7, 2016, 32 days after a Final Judgment was entered dismissing this action on February 4, 2016.  Because the motion was filed more than twenty-eight days after judgment was entered, it will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) provides that "on motion and just terms," a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).  The Court is mindful that relief under Rule 60(b) "is extraordinary and may be granted only in exceptional circumstances."  *See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks and citation omitted).

In the instant action, Mr. Brown filed a § 2254 Application challenging the validity of his Colorado conviction in Fremont County District Court case number 11CR6.  In the Order of Dismissal (ECF No. 11), the Court determined that the action was untimely under the one-year limitation period, 28 U.S.C. § 2244(d)(1).  The Court found that the limitation period commenced on June 18, 2012, the day after Mr. Brown's conviction became final.  The Court further found that from June 18, 2012 until February 21, 2013, the date when Mr. Brown filed his first postconviction motion, **247 days** ran against the one-year limitation period.  The Court also determined that the limitation period was tolled from February 21, 2013 until June 18, 2013.  The Court further found that from June 19, 2013 until October 15, 2013, the additional **118 days** ran against the one-year

limitation period until it expired.  Thus, the § 2254 Application, filed on November 12, 2015, was time-barred by more than two years.

In the February 4 Order of Dismissal, the Court also rejected Mr. Brown's argument that statutory tolling was appropriate because he pursued his rights diligently by filing postconviction motions in 2013 and 2015, which were filed within the state statutorily prescribed three-year limitation period.  In addition, the Court rejected Mr. Brown's contention that he was entitled to equitable tolling because he was unable to research case law while on probation, and he was actually innocent.  In evaluating Mr. Brown's actual innocence claim, the Court summarized the "new" evidence Mr. Brown cited, which included the "original" text messages from Mr. Brown's cell phone.  The Court then explained that Mr. Brown's innocence claim did not articulate how any of the evidence he cited qualifies as "new" reliable evidence to support a credible claim of actual innocence under *Schlup v. Delo,* 513 U.S. 298, 324 (1995).

In his motion for reconsideration, Mr. Brown contends that one of his claims in the Application was a "Brady Violation," and that he provided "two instances of fabricated evidence, and provided examples of text messages that would support the applicants innocence, which was withheld."  (ECF No. 13, at 2).  As discussed above, the Court addressed and rejected this argument in the February 4 Order of Dismissal.  Revisiting issues that have already been addressed "is not the purpose of a motion to reconsider."  *Van Skiver*, 952 F.2d at 1243.  Mr. Brown fails to demonstrate any exceptional circumstances that would justify relief under Fed. R. Civ. P. 60(b).

Upon consideration of the motion and the entire file, the Court finds that Mr. Brown has not demonstrated some reason why the Court should reconsider and vacate

the order to dismiss this action.  The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed.  Accordingly, it is

ORDERED that the "Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" (ECF No. 13), filed *pro se* by Applicant, Stevie Brown, on March 7, 2016, which the Court has treated as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b), is DENIED.

DATED at Denver, Colorado, this   11th   day of    March         , 2016.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court